UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-2533 JGB (KKx)**<br>EDCV 18-2535 JGB (KKx) | Date | February 6, 2019 |
|---|---|---|---|
| Title | *Charles Scott v. Kuehne Nagel, Inc.*<br>*Liliana Muniz v. Kuehne Nagel, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiff Charles Scott's Motion to Remand (5:18-cv-2535, Dkt. No. 8); (2) GRANTING Plaintiff Liliana Muniz's Motion to Remand (5:18-cv-2533, Dkt. No. 9); and (3) VACATING the February 11, 2019 Hearing (IN CHAMBERS)

    Currently before the Court are two separate actions: <u>Scott v. Keuhne Nagel, Inc.</u>, No. 5:18-cv-02533-JGB(KKx) ("Scott Action") and <u>Muniz v. Keune Nagel, Inc., et al.</u>, No. 5:18-cv-2535-JGB(KKx) ("Muniz Action").[1]  Plaintiffs Charles Scott ("Scott") and Liliana Muniz ("Muniz") each move to have their action remanded to the Superior Court of California, County of San Bernardino.  ("Scott Motion," Dkt. No. 8; "Muniz Motion," Dkt. No. 9.)  The Court finds these matters appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS the Motions and VACATES the February 11, 2019 hearing.

### I.   BACKGROUND

    On April 21, 2017, Scott filed a putative class action complaint ("Scott Complaint") against Defendant Kuehne + Nagel, Inc. ("Defendant"), as well as Does 1 through 100, in the

---

[1] All docket items labeled with "Scott" appear on the docket of the Scott Action.  All docket items labeled with "Muniz" appear on the docket of the Muniz Action.  The Court uses this naming convention in lieu of providing case numbers each time it cites a new document.

Superior Court for San Bernardino County. ("Scott Complaint," Dkt. No. 1-5 at 1.) As alleged, Defendant employed Scott and others as hourly-paid, non-exempt employees from approximately April 2010 to approximately August 2013. (Id. ¶¶ 17-18.) During that time, Scott alleges Defendant "engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees . . . ." (Id. ¶ 25.) Scott claims Defendant's wage abuse scheme involved failure to pay employees for all hours worked and missed meal and rest periods, among other things. (Id.) Scott maintains Defendant knew or should have known he and the putative class members were entitled to, and did not receive, appropriate compensation. (Id. ¶¶ 26-32, 35-36.)

Scott defines the putative class of similarly situated individuals as "[a]ll current and former hourly-paid or non-exempt individuals employed by any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Id. ¶ 13.) Scott alleges a single cause of action for violation of California Business & Professions Code §§ 17200, et seq. based on Defendant's alleged failure to provide Scott and the putative class with timely compensation during employment, overtime compensation, meal and rest periods, minimum wages, wages upon termination, accurate wage statements, and reimbursement for necessary business expenses ("UCL Claim"). (Id. ¶¶ 47-63.) Defendant first removed the action to this Court on June 12, 2017, pursuant to the Class Action Fairness Act ("CAFA"). ("2017 Notice of Removal," No. 5:17-cv-1147, Dkt. No. 2 ¶¶ 5-7.) Scott moved to remand the action, and the Court granted his motion on August 8, 2017. ("First Remand Motion," No. 5:17-cv-1147, Dkt. No. 12; "2017 Remand Order," No. 5:17-cv-1147, Dkt. No. 30.)

On July 11, 2018, Muniz filed a PAGA complaint on behalf of herself and other aggrieved employees against Defendant, as well as Does 1 through 100, in the Superior Court for San Bernardino County. ("Muniz Complaint," Dkt. No. 1-5.) As alleged, Defendant employed Muniz and the other aggrieved employees as hourly-paid, non-exempt employees from approximately August 2015 to approximately November 2017. (Id. ¶¶ 19-20.) Muniz alleges, almost verbatim, the same underlying conduct alleged in the Scott Complaint. (Compare Muniz Compl. ¶¶ 19-48 with Scott Comp. ¶¶ 17-46.) Muniz alleges a single cause of action, violation of California Labor Code §§ 2697, et seq. (PAGA) based on precisely the same offending conduct supporting Scott's UCL Claim. (Compare Muniz Compl. ¶¶ 53-61 with Scott Compl. ¶¶ 51-59.)

On October 30, 2018, Scott filed a Motion for Leave to File a First Amended Complaint. ("Scott Motion for Leave," Dkt. No. 1-22.) Scott seeks to add two additional class representatives, Robert Vasquez and Jorge Hugo Vasquez ("Vasquez Plaintiffs"), as well as causes of actions for the alleged violations of the California Labor Code underlying Scott's UCL Claim. (Id. at 1.) Scott's proposed FAC adds the following nine causes of action: (1) violation of Cal. Lab. Code §§ 510 and 1198 (unpaid overtime); (2) violation of Cal. Lab. Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of Cal. Lab. Code § 226.7 (unpaid rest period premiums); (4) violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of Cal. Lab. Code §§ 201 and 202 (final wages not timely paid); (6) violation of Cal. Lab. Code § 204 (wages not timely paid during employment) (7) violation of Cal. Lab.

Code § 226(a) (non-compliant wage statements); (8) violation of Cal. Lab. Code § 1174(d) (failure to keep requisite payroll records); and (9) violation of Cal. Lab. Code §§ 2800 and 2802 (unreimbursed business expenses). ("Scott Proposed FAC," Dkt. No. 1-23.) These are the same nine alleged violations supporting Scott's UCL claim. (See Scott Compl.) The Vasquez Plaintiffs seek for themselves and the proposed class unpaid compensation, additional pay, liquidated damages, penalties, reimbursement of business-related expenses and costs, injunctive relief, interest, costs, and attorneys' fees. (Scott Proposed FAC ¶¶ 59, 70, 79, 84, 85, 90, 91, 97, 103, 104, 114.)

On November 29, 2018, the San Bernardino County Superior Court consolidated for some purposes the Scott Action and the Muniz Action. ("Scott Consolidation Order," Dkt. No. 1-35.) The Scott Consolidation Order reads as follows:

> These cases are consolidated for purposes of resolving discovery and pretrial motions and for trial. Additionally, the plaintiffs shall coordinate all discovery demanded from defendants. In all other respects, each action shall retain its separate identity, with separate verdicts and judgments to be entered;
>
> All papers shall be filed in [the Scott Action] and shall cross-reference [the Muniz Action];
>
> This order is entered without prejudice to future motions for orders setting separate trial on some or all of the issues involved in these cases to the extent this Court concludes that any of the issues lack the commonality required to justify the continued consolidation[.]

(Id.) On November 30, 2018, Defendant removed the Scott Action and the Muniz Action. ("Scott Notice," Dkt. No. 1; "Muniz Notice," Dkt. No. 1.)

On December 28, 2018, Scott and Muniz moved to remand their actions. (Scott Mot.; Muniz Mot.) Defendant opposed these Motions on January 14, 2019. ("Scott Opp'n," Dkt. No. 9; "Muniz Opp'n," Dkt. No. 10.) Scott and Muniz replied on January 22, 2019. ("Scott Reply," Dkt. No. 10; "Muniz Reply," Dkt. No. 11.) On January 29, 2019, the Court granted Defendant's application to file a sur-reply in the Muniz Action to be considered as to both the Scott Motion and the Muniz Motion. (Muniz Dkt. No. 13.) Defendant filed its sur-reply on January 30, 2019. ("Muniz Sur-Reply," Dkt. No. 14.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). CAFA vests

federal courts with original jurisdiction over class actions involving at least 100 class members, minimal diversity, and an amount in controversy that exceeds $5,000,000. 28 U.S.C. § 1332(d).

Generally, courts must "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "However, 'no anti-removal presumption attends cases invoking CAFA . . . .'" Garcia v. Wal-Mart Stores, Inc., No. CV 16-01645-BRO (RAO), 2016 WL 6068104, at *3 (C.D. Cal. Oct. 14, 2016) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014)). Instead, Congress intended CAFA to be interpreted expansively. Ibarra v. Manheim Investments, Inc., 775 F. 3d 1193, 1197 (9th Cir. 2015).

A defendant seeking removal of an action to federal district court need only offer a "short and plain statement of the grounds for removal" in its notice of removal. 28 U.S.C § 1446(a). To meet CAFA's diversity requirement, a removing defendant must show "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Thus, under CAFA complete diversity is not required; 'minimal diversity' suffices." Serrano v. 180 Connect, Inc., 478 F.3d 1018,1021 (9th Cir. 2007) (citations omitted).

To satisfy CAFA's amount-in-controversy requirement, "a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000." Garcia 2016 WL 6068104, at *3 (citing Ibarra, 775 F. 3d at 1197). A removing "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee, 135 S. Ct. at 553. Where a plaintiff questions the amount in controversy asserted, further evidence establishing that the amount alleged meets the jurisdictional minimum is required. Id. at 554. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554.

"The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Ibarra, 775 F.3d at 1197 (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

### III. DISCUSSION

**A. The Scott Complaint**

"[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Scott contends his Motion for Leave, on which the California Superior

Court never ruled, is not sufficient to trigger the thirty-day removal period. (Scott Mot at 7-9.) Defendant concedes there is no binding Ninth Circuit authority discussing the effect of a motion to amend a complaint on the thirty-day removal period. (Scott Opp'n at 14-15.) Defendant further concedes district court authority concerning this question is split and that Scott's argument reflects the majority viewpoint. (Id. at 14-15, 18.)

The Court finds the majority viewpoint most compelling. Particularly compelling is the idea that "'without adjudication of the motion [to amend], the state court could ultimately deny the motion notwithstanding a prior removal to the federal forum. Thus, the parties would inundate the federal system with cases over which it technically had no jurisdiction.'" Torres v. Chevron U.S.A., Inc., 2004 WL 2348274, at *3 (C.D. Cal. Oct. 18, 2004) (quoting Finley v. Higbee Co., 1 F. Supp. 2d 701, 704 (N.D. Ohio 1998)). This also appears to be the dominant approach within the Central District. See, e.g., Manos v. Wolf Firm, 2018 WL 1737775, at *5 (C.D. Cal Apr. 9, 2018) ("California courts are in agreement that where a defendant removes a complaint based upon amendments to that complaint, the 30-day removal clock starts to run no earlier than when a court grants leave to amend."); Jones v. G2 Secure Staff, LLC, 2017 WL 877293, *3 (C.D. Cal. Mar. 6, 2017); Hekmat v. Kohler Co., 2009 WL 10673220, *2 (C.D. Cal. Jan. 8, 2009) ("courts have consistently held that if a state court complaint does not disclose a grounds for removal and the plaintiff later seeks to file an amended complaint that would provide federal jurisdiction, a defendant [cannot] remove the case to federal court until after the state court grants the plaintiff leave to file the amended complaint."); Lucente S.P.A. v. Apik Jewelry, Inc., 2007 WL 7209938, *4 (C.D. Cal. Oct. 3, 2007) ("the court concludes that the majority view that the thirty-day removal period begins when the state court grants leave[] to amend . . . most appropriately implements Congressional intent in enacting § 1446(b)."). Thus, Defendant's removal was premature, because the California Superior Court had not yet granted Scott's Motion for Leave.

Looking to the operative complaint in the Scott Acton, this Court lacks subject matter jurisdiction. (See 2017 Remand Order.) Accordingly, the Court GRANTS Scott's Motion to Remand.[2]

## B. The Muniz Complaint

Defendant offers three justifications for the Court's jurisdiction over the Muniz Action: (1) the Scott Action and Muniz Action should be treated as one case for jurisdictional purposes; (2) if the Court treats the Scott Action and the Muniz Action as separate cases for jurisdictional purposes, the Court should exercise supplemental jurisdiction over the Muniz Action; and (3) the Court has traditional diversity (non-CAFA) over the Muniz Action. (See Muniz Opp'n.) Each of these arguments fail.

---

[2] If the Proposed FAC becomes the operative complaint in the Scott Action and Defendant undertakes a third attempt at removal, it should provide more support than it does here for assumptions concerning the frequency of alleged violations underlying its amount in controversy calculations.

As to Defendant's first argument, the Court is skeptical that the Scott Action and Muniz Action should be treated as one for jurisdictional purposes. The California Superior Court expressly noted the consolidation was for purposes of resolving discovery motions, pretrial motions, and trial. (Scott Consolidation Order.) The cases retain their separate identity in all other respects, including separate verdict forms and judgments. (Id.) However, the Court need not resolve whether these actions are treated as one for consolidation purposes, as the Court already found it lacks subject matter jurisdiction over the Scott Action and Defendant provides no amount in controversy calculation for the Muniz Action, relying on its consolidation with the Scott Action. (See Scott Notice, Muniz Notice, Scott Opp'n, Muniz Opp'n.) Defendant relies on allegations in the Scott Notice and Muniz Notice that it "reserves the right" to provide rough estimates or calculations of the PAGA amount at a later time. (Scott Notice ¶ 72; Muniz Opp'n ¶ 28 n.1.) Defendant provides no such calculations in the Scott Opposition or the Muniz Opposition. (Scott Opp'n; Muniz Opp'n.) Accordingly, this argument fails.

As to Defendant's second argument, the Court cannot exercise supplemental jurisdiction over the Muniz Action because it lacks jurisdiction over the Scott Action. Furthermore, given the Court's uncertainty concerning the effect of the limited consolidation of the Scott Action and Muniz Action, the Court is also skeptical that supplemental jurisdiction is available. 28 U.S.C. § 1367(a) permits supplemental jurisdiction over claims, not actions. If the Proposed FAC becomes operative and Defendant again attempts removal, Defendants should provide supporting authority for their assertion that § 1367(a) permits this Court to exercise supplemental jurisdiction over the Muniz Action in the event the Scott Action and Muniz Actions cannot be treated as one for jurisdictional purposes.

As to Defendant's third argument concerning traditional diversity jurisdiction, it does not rely on any amendment to either the Scott Complaint or the Muniz Complaint. A defendant must remove a complaint over which the district court would have original jurisdiction within 30 days after service of summons. 28 U.S.C. § 1446(b)(1). The Muniz Complaint was filed on July 11, 2018. (Muniz Compl.) Defendant was served on July 17, 2018. (Dkt. No. 1-6.) Defendant removed the Muniz Action on November 30, 2018. (Muniz Notice.) Thus, even if this Court has original jurisdiction over the Muniz Action, Defendant filed its notice of removal long after the 30-day window expired. (Muniz Mot.) Additionally, Defendant provides no support or plausible allegation that the amount in controversy exceeds $75,000.

Accordingly, the Court GRANTS Muniz's Motion to Remand.

## C. Supplemental Jurisdiction Arguments

Defendant notes there is a third action pending against it in this Court, Martinez v. Kuehne + Nagel, Inc., No. 5:18-cv-02063-JGB(KKx) ("Martinez Action"). (Scott Opp'n at 18.) Defendant contends the Martinez Complaint "asserts identical or substantially similar claims against the same employer and on behalf of the same putative class members[.]" (Id.) Defendant requests this Court, because it retains jurisdiction over the Martinez Action, to

exercise supplemental jurisdiction over the Scott Action and Muniz Action. (Id. at 18 n.1 (citing 28 U.S.C. § 1367(a)); Muniz Sur-Reply at 5.) Defendant provides no support for its contention that this Court may use § 1367 to exercise jurisdiction over separate actions which are not, and have never been, consolidated with the Martinez Action. Furthermore, as stated above, 28 U.S.C. § 1367(a) permits supplemental jurisdiction over claims, not actions.

Finally, Defendant explains that on January 18, 2019, Plaintiff's Counsel filed another wage and hour complaint against Defendant on behalf of two additional clients, Carol Alvarez and Martha Mariscal ("Alvarez/Mariscal Action"). (Muniz Sur-Reply at 4.) Defendant contends this further exposes Plaintiff's Counsel's "strategic gamesmanship" and "abuse of judicial process[.]" (Id.) Defendant requests this Court exercise supplemental jurisdiction over the Alvarez/Mariscal Action. (Id. at 6.) Again, Defendant makes this request without a single supporting citation. And again, the Court notes that 28 U.S.C. § 1367(a) permits supplemental jurisdiction over claims, not actions. Additionally, removal of the Alvarez/Mariscal Action is not before this Court. The Court refuses to indulge further Defendant's baseless assertion that because the Court retains jurisdiction over one wage and hour class action it may reach into California state courts and—on its own—collect and remove all other related actions.

Accordingly, Defendant's unsupported arguments concerning supplemental jurisdiction do not alter this Court's decision to grant the Scott Motion and Muniz Motion.

## IV. CONCLUSION

For the reasons above, the Court GRANTS the Scott Motion and the Muniz Motion and VACATES the February 11, 2019 hearing.


**IT IS SO ORDERED.**